IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC GRANT, | ) |
| | ) 2:07-cv-1087-GEB-EFB |
| Plaintiff, | ) |
| | ) |
| v. | ) ORDER RE: SETTLEMENT |
| | ) AND DISPOSITION |
| JOHN DOE AND JANE DOE, | ) |
| | ) |
| Defendants. | ) |

On August 31, 2007, Plaintiff filed a Notice of Settlement in which he states "that the above-captioned action has been resolved via out-of-court settlement." Accordingly, a dispositional document shall be filed no later than September 20, 2007. Failure to respond by this deadline may be construed as consent to dismissal of this action without prejudice, and a dismissal order could be filed. See L.R. 16-160(b) ("A failure to file dispositional papers on the date prescribed by the Court may be grounds for sanctions.").

The status conference scheduled for September 17, 2007, is reset for hearing on October 29, 2007, in the event that no dispositional document is filed, or if this action is not otherwise

1

1  dismissed.[1]  A joint status report shall be filed fourteen days
2  prior to the status conference.
3          IT IS SO ORDERED.
4  Dated:  August 31, 2007

                                    _____
                                    GARLAND E. BURRELL, JR.
                                    United States District Judge

---

[1]  The status conference will remain on calendar, because the mere representation that an action has been settled does not justify removal of the action from a district court's trial docket. Cf. Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987) (indicating that a representation that claims have been settled does not necessarily establish the existence of a binding settlement agreement).